UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　v.<br><br>JEREMY STANDOW,<br><br>　　　Defendant. | NO. CR-00-107-RHW<br><br>**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION** |

Before the Court is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 210).

On July 23, 2001, Defendant was sentenced to 10 years in prison as a result of his jury conviction of various drug charges. Defendant appealed his conviction and sentence. Defendant contended that the drug charges violated the terms of an earlier plea agreement barring the "filing [of] any additional charges arising from the obtaining or passing of counterfeit currency;" that the district court erred in admitting a confession he asserts was involuntary; and the district court erred in making its own factual determination that Defendant was guilty of conspiracy to possess less cocaine than the jury had determined on the verdict form. *United States v. Standow*, 2003 WL 22071285 (9th Cir. Sept. 3, 2003). The Ninth Circuit affirmed the conviction and sentence.

On September 3, 2004, Defendant filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION ~ 1**

aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law.

On May 1, 2006, the Court entered an order to show cause why certain claims should not be dismissed and directing the Government to respond (Ct. Rec. 226). The Government filed its response on July 17, 2006, and Defendant filed his reply on August 15, 2006. In his response, Defendant addressed his claims based on Grounds 13, 14 and 15, 32 and 36. Defendant did not address the Court's order to show cause why his claims set forth in Grounds 2, 4 and 10 should not be dismissed because these claims were not raised on direct appeal, and why his claims set forth in Grounds 3, 5, 6, 7, 8, 9, 11, 12, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30 and 31 should not be dismissed for failure to comply with Rule 2(b). Accordingly, for the reasons stated in the Court's show cause order, Plaintiff's claims based on these grounds are dismissed.

In its response, the Government contends that Plaintiff's claims based on Grounds 13, 14, 15, and 36 are procedurally defaulted. Generally, claims that are not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Defendant did not address the Government's argument that these claims are procedurally defaulted in his response brief. Consequently, he cannot show cause and prejudice and these claims must be dismissed.

The two remaining claims are that the district court erred in failing to amend his Presentence Investigation Report (PSIR) and that the Bureau of Prisons (BOP) is mistakenly running his sentences consecutively.

With regard to Defendant's claim that the Bureau of Prisons is not computing his sentence correctly, the Court has previously dismissed Defendant's motions to direct the Bureau of Prisons to adjust the Defendant's current sentence, instructing Defendant that the proper course of action is to file a § 2241 petition in the district in which he is

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION** ~ 2

currently located. Thus, Plaintiff's claim based on Ground 33 is dismissed.

The basis for Defendant's claim based on Ground 32 is a letter to Senator Barbara Boxer from Robert M. Haro, Regional Director of the Bureau of Prisons, dated June 9, 2003, in which Mr. Haro states that based on Defendant's criminal history, the seriousness of his current offense, and his strong ties to organized crime, BOP has determined that Defendant is not qualified for placement at a minimum security level institution. Specifically, Mr. Haro stated that he reviewed the Presentence Investigative Report which revealed that Defendant was directly involved in a conspiracy that imported at least 8 kilograms of cocaine and $227,000 in counterfeit Federal Reserve Notes from Cali, Columbia, into the United States.

In its response, the Government states that it is presently unable to respond to the Defendant's petition because Defendant's claims are too vague.

At the sentencing hearing, Defendant made a number of objections to the Presentence Investigative Report. Because the statute required a mandatory minimum sentence, the Court did not make findings with regard to all of Defendant's objections. The Presentence Investigative Report concluded in Paragraph 58 that Defendant obtained approximately 8 kilograms of cocaine from Hugo Collazos-Munoz, but at the sentencing hearing, the Court concluded that the amount of drugs that could be attributed to Defendant was 2 to 3.5 kilograms of cocaine. Thus, Defendant is correct that the Presentence Investigative Report should be revised accordingly. Also, the Court ruled at the sentencing hearing that Defendant should not receive an additional two points for committing the instant offense while under a criminal justice sentence, and concluded that his criminal history should be Category II.

The Judgment that was entered on July 23, 2001, set Defendant's criminal history at Category II. When Mr. Haro wrote the letter, then, it is likely that he was aware that Defendant's criminal history was a Category II. Moreover, on December 23, 2004, the Court entered an amended judgment that indicated that Defendant was convicted of Conspiracy to Possess With Intent to Distribute and Distribution of 2-3.5 Kilograms of

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION** ~ 3

1  Cocaine.  Thus, as of December 23, 2004, the Bureau of Prisons was put on notice that
2  the amount of drugs attributed to Defendant was less than the 8 kilograms that was
3  referred to in the June 9, 2003, letter.  Even so, given that the Bureau of Prisons relies
4  on the information contained in the Presentence Investigation Report, it is necessary for
5  the U.S. Probation Office to update the report and provide the Bureau of Prisons with
6  the revised report.

7  The Court has reviewed the Presentence Investigation Report to determine
8  whether there were any references in the report to Defendant's ties to organized crime.
9  It was unable to find any such references.  Thus, it appears that Mr. Haro relied on other
10 sources of information to conclude that Defendant had strong ties to organized crime.

11  Accordingly, **IT IS HEREBY ORDERED**:
12  1.  Defendant's 28 U.S.C. § 2255 Petition (Ct. Rec. 210) is **DENIED**.
13  2.  The U.S. Probation Office is directed to amend Defendant's Presentence
14  Investigation Report as follows:
15      a.  P. 14, ¶ 58:  There were no drug seizures during this conspiracy.
16  According to witnesses and testimony, Jeremy and Angela Standow obtained
17  approximately 2-3.5 kilograms of cocaine from Hugo Collazos-Munoz.  Nakia Burland
18  obtained approximately 2 kilograms of cocaine from Hugo-Collazos-Munoz.
19      b.  P. 14, ¶ 59:  The total amount of cocaine involved in these offenses is
20  at least 4-5.5 kilograms of cocaine.
21      c.  P. 67, ¶ 67, 72, 74, 76:  Offense Level: 28
22      d.  P. 21, delete ¶ 114.
23      e.  P. 21, ¶ 115: The defendant's criminal history points total three,
24  establishing a Criminal History Category of II.
25  3.  The U.S. Probation Officer is directed to provide the Bureau of Prisons with
26  a copy of the revised Presentence Investigation Report.
27  ///
28

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION ~ 4**

1 **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2 Order, provide copies to the United States Attorney's Office and Defendant, and close
3 the file.
4    **DATED** this 21st day of March, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2000\Standow\deny.habeas2.wpd

**ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION** ~ 5